UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN O'DONNELL, | ) | CASE NO. |
| | ) | |
| Plaintiff, | ) | JUDGE: |
| | ) | |
| -vs- | ) | |
| | ) | |
| SANOFI-AVENTIS U.S. INC. | ) | **NOTICE OF REMOVAL** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant Sanofi US Services Inc.[1] ("Sanofi") states as follows for its Notice of Removal of Civil Action, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446:

I.     **REMOVAL IS TIMELY.**

1.     On or about July 14, 2014, Plaintiff John O'Donnell ("Plaintiff") filed a Complaint against Defendant in the Court of Common Pleas, Cuyahoga County, Ohio, captioned *John O'Donnell v. Sanofi-Aventis U.S. Inc.*, Case No. CV-14-829752. A true and accurate copy of the Complaint is attached hereto as Exhibit A.

2.     Sanofi was served with the summons and Complaint on July 18, 2014, at CSC—Lawyers Incorporating Service, 50 West Broad Street, Suite 1800, Columbus, Ohio 43215. True and accurate copies of (1) the summons served upon Sanofi; and (2) the Cuyahoga County Court of Common Pleas online docket reflecting service of the Complaint are attached hereto as Exhibit B.

---

[1] Sanofi US Services Inc. was formerly known as sanofi-aventis U.S. Inc. Plaintiff has incorrectly named sanofi-aventis U.S. Inc. in his Complaint.

3. Pursuant to 28 U.S.C. § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b). Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Sanofi are attached hereto as Exhibits A (the Complaint) and B (the summons).

4. Sanofi received a courtesy copy of the Complaint on July 14, 2014 and was served on July 18, 2014. This Notice is being filed on August 12, 2014, twenty-nine days after receiving the courtesy copy and twenty-five days after service. Removal is therefore timely under 28 U.S.C. § 1446(b) because this Notice of Removal is being filed fewer than thirty days from the date Sanofi received Plaintiff's initial pleading.

## II. DIVERSITY JURISDICTION EXISTS.

5. Removal of this case is proper under 28 U.S.C. § 1441(a), which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

6. 28 U.S.C. § 1332(a)(1) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332(a)(1).

2

**A. The Parties Are Completely Diverse.**

***1. Plaintiff Is a Citizen of Ohio for Purposes of Diversity Jurisdiction.***

7. Plaintiff's Complaint alleges that "[a]t all times relevant herein, Plaintiff was a resident of Cuyahoga County, Ohio." *See* Complaint, Exhibit A, ¶ 1. Plaintiff's Complaint contains allegations dating back to August 1996 and January 1999. *See id.* ¶¶ 8, 11, 12.

8. The caption of Plaintiff's Complaint lists his current address, as of the time the Complaint was filed, as 31011 Manchester Lane, Bay Village, OH 44140. *See* Complaint, Exhibit A, Caption.

9. Plaintiff's Complaint alleges that he began working for Genzyme Corporation ("Genzyme") in Cleveland, Ohio on or about January 25, 1999 and does not indicate that he ever changed his residence or worked outside of the State of Ohio. *See* Complaint, Exhibit A, ¶ 8.

10. To summarize, Plaintiff's Complaint alleges that he has: resided in Ohio since at least August 1996, worked in Ohio since at least January 25, 1999, and continued to reside in Ohio at least through the time he filed the Complaint.

11. Therefore, based on his own allegations, Plaintiff is a citizen of Ohio for three reasons.

12. First, a person's residence in a state is prima facie evidence of his citizenship in that state. *Fort Knox Transit v. Humphrey*, 151 F.2d 602, 603 (6th Cir. 1945); *see also Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) ("Evidence of a person's place of residence . . . is prima facie proof of his domicile."); *Edick v. Poznanski*, 6 F. Supp. 2d 666, 669 (W.D. Mich. 1998) ("Place of residence is prima facie evidence of domicile.") (citing *State Farm Mut. Auto Ins. co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)); *Tonnies v.*

*Southland Imports, Inc.*, No. 409CV414SNLJ, 2009 WL 3172565, at *3 (E.D. Mo. Sept. 29, 2009) ("[R]esidency and citizenship differ.  Nonetheless, courts generally presume that the State of residency is the State of citizenship.").  Based on the allegations in the Complaint, Plaintiff has been a resident of Ohio from at least 1996 through the date when he filed the Complaint. Therefore, Plaintiff's Complaint constitutes prima facie evidence that he is a citizen of Ohio.

13.     Second, Plaintiff has not made any allegations that would rebut the prima facie evidence that he is a citizen of Ohio.  "State citizenship for purposes of the diversity requirement of [28 U.S.C. § 1332] is equated with domicile." *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990).  "The two fundamental considerations in establishing domicile for purposes of state citizenship are residence in the state and the intention to remain there permanently." *Stifel v. Hopkins*, 477 F.2d 1116, 1127 (6th Cir. 1973).  Once a person establishes a domicile, it continues until a new one is established.  *Farmer v. Fisher*, 386 F. App'x 554, 557 (6th Cir. 2010) (citing *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)). Thus, a person has only one domicile at any given time.  *Eastman v. Univ. of Michigan*, 30 F.3d 670, 673 (6th Cir. 1994).  By living and working in Ohio for at least 15 years, Plaintiff established a domicile – and thus citizenship – in Ohio.  Further, Plaintiff has not made any allegations to suggest that he has established a new domicile.  Indeed, Plaintiff identified his place of residence as Cuyahoga County, Ohio at the time he filed the Complaint.  Thus, Plaintiff's domicile – and therefore his citizenship – remains in Ohio.

14.     Third, for purposes of diversity jurisdiction, citizenship is determined at the time of the filing of the lawsuit. *Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536, 540 (6th Cir. 2006); *Napletana v. Hillsdale Coll.*, 385 F.2d 871, 872 (6th Cir. 1967).  As discussed above, Plaintiff identified Cuyahoga County, Ohio as his place of residence at the time he filed the

Complaint.   Therefore, even if Plaintiff changed his domicile after filing the Complaint, he would remain a citizen of Ohio for purposes of determining whether complete diversity exists in this matter.

### 2. *Sanofi Is a Citizen of Delaware and New Jersey for Purposes of Diversity Jurisdiction.*

15.   Plaintiff's Complaint alleges that Sanofi is "a Delaware corporation with its principle place of business in Bridgewater, New Jersey." *See* Complaint, Exhibit A, ¶ 2.

16.   Plaintiff is correct.   Sanofi is a Delaware corporation formed under the laws of the State of Delaware in 2003. *See* Declaration of Stacy Apgar attached hereto as Exhibit C, ¶ 2.  Its corporate headquarters are in Bridgewater, New Jersey. *Id.* A majority of Sanofi's officers work in its offices located in the state of New Jersey. *Id.* Sanofi considers Bridgewater, New Jersey to be its principal place of business. *Id.* Significant decisions with respect to the direction, control, and coordination of Sanofi's business operations are made in the state of New Jersey. *Id.*

17.   Thus, Sanofi is a citizen of Delaware and New Jersey for purposes of diversity jurisdiction.

18.   For purposes of diversity of citizenship, a corporation is a citizen of both any State by which it has been incorporated and of the State where it has its principal place of business.   28 U.S.C. § 1332(c)(1);  *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010).   A corporation's principal place of business is its "nerve center" and is a "single place." *Hertz Corp.*, 559 U.S. at 80.  The nerve center is "typically the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination." *Id.*  Sanofi was incorporated in Delaware and maintains its headquarters – which is the actual center of direction control and coordination – in New Jersey.

5

19. Therefore, because Plaintiff is a citizen of Ohio and Sanofi is a citizen of Delaware and New Jersey,[2] complete diversity of citizenship exists.

20. Further, in compliance with 28 U.S.C. § 1441(b), "none of the parties in interest properly joined and served as defendants is a citizen of the State in which [this] action is brought."

**B. The Amount in Controversy Exceeds $75,000.**

21. This Court has original jurisdiction over this action because the amount in controversy exceeds $75,000 and the dispute is between citizens of different states. *See* 28 U.S.C. § 1332(a).

22. 28 U.S.C. § 1446(c)(2) provides that "[i]f removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."

23. Plaintiff's Complaint alleges multiple times that Plaintiff has suffered damages "in an amount in excess of Two Hundred Thousand Dollars ($200,000.00)." *See* Complaint, Exhibit A, ¶¶ 42, 50, 57, 63.

---

[2] Sanofi was not actually Plaintiff's employer and is not the proper defendant in this case, regardless of Plaintiff's incorrect use of Sanofi's former name. Plaintiff pleads that he was an employee of Genzyme, and that he was therefore also an employee of Sanofi because Genzyme was a wholly-owned subsidiary of Sanofi. *See* Complaint, Exhibit A, ¶¶ 3-5. This is incorrect as a matter of fact and law. First, Genzyme is actually not a subsidiary of Sanofi at all. *See* Declaration of Stacy Apgar, Exhibit C, ¶ 3. Second, under Ohio law, an individual is not considered an employee of his employer's corporate parent unless the employee can establish that the corporate parent and subsidiary are "fundamentally indistinguishable." *Starner v. Guardian Indus.*, 758 N.E.2d 270, 276 (Ohio Ct. App. 2001). That is not the case here.
Even if Plaintiff had properly named Genzyme as the defendant in this action, however, complete diversity of citizenship would still exist. Genzyme is a Massachusetts corporation formed under the laws of Massachusetts in 1991. *See* Website of the Sec'y of of Mass., Corp. Div., Business Entity Summary for Genzyme Corp., *available at* http://corp.sec.state.ma.us/CorpWeb/CorpSearch/CorpSummary.aspx?FEIN=061047163&SEARCH_TYPE=1 (a true and correct copy of this webpage, as viewed August 12, 2014, is attached hereto as Exhibit D). Its principal office is in Cambridge, Massachusetts. *Id.* A majority of Genzyme's officers and directors work in its offices located in the state of Massachusetts. *Id.* Therefore, Genzyme is a citizen of Massachusetts for purposes of determining diversity jurisdiction.

24.     While Plaintiff formally demands only "an amount in excess of Twenty-Five Thousand Dollars ($25,000)," he does so because Ohio Rule of Civil Procedure 8(a) forbids him from specifically demanding a greater amount.

25.     The amount of Plaintiff's formal demand does not prevent removal. Where state law requires or permits a plaintiff to claim less than the federal amount-in-controversy, while actually seeking and perhaps obtaining damages in excess of $75,000, the Sixth Circuit allows removal if there is a substantial likelihood or reasonable probability that the plaintiff intends to seek damages in excess of the amount-in-controversy. *Kusmich v. J.C. Penney Corp*, No. 5:05CV1586, 2005 WL 2233255, at *1 (N.D. Ohio Aug. 29, 2005) (citing *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993) *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010)).  Plaintiff's repeated allegations that he has suffered damages in excess of $200,000 establishes beyond doubt that Plaintiff intends to seek damages in excess of $75,000.

**III.    SANOFI HAS SATISFIED ALL OTHER REQUIREMENTS FOR REMOVAL.**

26.     This case is not precluded from being removed under 28 U.S.C. § 1445.

27.     Venue is proper in this district pursuant to 28 U.S.C. § 1441(a), because this district embraces the county in which the removed action has been pending.

28.     No previous Notice of Removal has been filed with this Court.

29.     In accordance with 28 U.S.C. § 1446(d), a true and accurate copy of this Notice of Removal is being filed concurrently with the Clerk of the Court of Common Pleas, Cuyahoga County, Ohio and served upon Plaintiff.  A copy of the notice to the Cuyahoga County Clerk and Plaintiff of the Notice of Removal is as Exhibit E hereto.

30.     A civil cover sheet is attached as Exhibit F hereto.

31.     If any question arises as to the propriety of the removal of this action, Sanofi requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

WHEREFORE, Sanofi respectfully request that the above-captioned action now pending in the Cuyahoga County, Ohio Court of Common Pleas be removed to the United States District Court for the Northern District of Ohio, and that said U.S. District Court enter such other and further orders as may be necessary to accomplish the requested removal.

Respectfully submitted,

s/ Jeffrey S. Dunlap
Jeffrey S. Dunlap (0067923)
Ulmer & Berne LLP
Skylight Office Tower
1660 West 2nd Street, Suite 1100
Cleveland, OH  44113-1448
Phone:  (216) 583-7026
Facsimile:  (216) 583-7027
jdunlap@ulmer.com

Michael L. Banks (*pro hac vice to be filed*)
Christopher D. Havener (*pro hav vice to be filed*)
Morgan Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
Phone:  (215) 963-5000
Facsimile:  (215) 963-5001
mbanks@morganlewis.com
chavener@morganlewis.com

*Attorneys for Defendant Sanofi US Services Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2014, a copy of the foregoing Notice of Removal was filed electronically.  Notice of this filing will be sent to all parties who have registered with the Court's Electronic Filing System by operation of that System.  Parties may access this filing through the Court's system.  Notice has also been served by regular U.S. Mail and electronic mail upon the following:

CARYN M. GROEDEL
Caryn Groedel & Associates Co., LPA
31340 Solon Road, Suite 27
Cleveland, Ohio 44139

*Attorney for Plaintiff John O'Donnell*

s/ Jeffrey S. Dunlap
*Attorney for Defendant*