UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN O'DONNELL, | ) | CASE NO. **14-cv-1767** |
| | ) | |
| Plaintiff, | ) | JUDGE:  **JAMES S. GWIN** |
| | ) | |
| -v- | ) | |
| | ) | |
| GENZYME CORPORATION | ) | **DEFENDANTS' REPLY IN FURTHER** |
| | ) | **SUPPORT OF THEIR APPLICATION** |
| and | ) | **FOR TAXABLE COSTS** |
| | ) | |
| SANOFI U.S. a/k/a SANOFI-ADVENTIS | ) | |
| U.S. INC. and SANOFI BIOSURGERY, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Defendants Genzyme Corporation and Sanofi US Services Inc.[1] ("Sanofi US") (collectively, "Defendants") by and through their attorneys, respectfully submit this Reply in Further Support of Their Application for Taxable Costs (Doc. 67).

**1.  Timing Of The Bill Of Costs**

Plaintiff contends that this Court should not consider Defendants' Application until the resolution of Plaintiff's appeal of this matter in the Sixth Circuit.  *See* Pl.'s Br. (Doc. 68 at 1). Defendants are clearly entitled to costs as the prevailing party at summary judgment, *see, e.g.*, *Shelton v. Ohio Edison*, No. 5:08CV03008, 2009 WL 6340013, at *2 (N.D. Ohio Aug. 10, 2009), Defendants submit that an award of costs at this juncture would be appropriate, but leave it to the discretion of the Court whether to defer an award until after the appeal process has been completed.

---

[1] Plaintiff was employed by Genzyme, which was acquired by Sanofi.  Sanofi is not – and never was – a proper defendant in this litigation.

.

## 2. Allegations of Good Faith

Next, Plaintiff contends that this Court should not award costs because Plaintiff "acted reasonably and in good faith" and "conducted his case with propriety" throughout this litigation. *See* Pl.'s Br. at 4, 10. Defendants are puzzled by this assertion, given the District Court's finding that the conduct of Plaintiff's counsel was "troubling." *See* Summary Judgment Order (Doc. 60 at 24) (admonishing Plaintiff for repeatedly placing privileged communications in the public record and for filing a new – and substantively different – summary judgment brief four days after the deadline and without leave of Court or notice to Defendants). Regardless, the simple fact is that Defendants are the prevailing parties and are entitled to an award of costs.

## 3. Reasonable and Necessary Costs

Plaintiff argues that some of the costs included in Defendants' Application were unreasonable and/or unnecessary. Specifically, Plaintiff challenges Defendants' inclusion of costs for:

(a) the videotape of Plaintiff's deposition;

(b) the rough ASCII of Plaintiff's deposition;

(c) the rushed delivery of Plaintiff's deposition transcript;

(d) travel expenses for Defendants' required witness, Josh Lubin, to attend two court conferences;

(e) costs of Bates-stamping Defendants' ESI production;

(f) and (g) Defendants' ESI costs; and

(h) postage for mailing a videotape and deposition transcript.

While Defendants maintain that they are entitled to all of the above costs, Defendants are willing

2

to drop their claims for costs relating to letters (a), (b), (c), (e) and (h) to avoid further dispute and burden to this Court.

    *(a) Mr. Lubin's Travel Costs*

The costs associated with Mr. Lubin's travel to Cleveland and Defendants' ESI are taxable.  Mr. Lubin was not a discretionary attendee who appeared at conferences so that he could observe the proceedings.  On the contrary, Defendants were ordered to have a designated representative in attendance at scheduled court conferences; Mr. Lubin was that designee.

Courts routinely hold that travel expenses for necessary witnesses are taxable under 28 U.S.C. § 1920(3).  *United States ex rel. Scott v. Metro. Health Corp.*, No. 1:02-CV-485, 2005 WL 2405961, at *10 (W.D. Mich. Sept. 29, 2005), *aff'd sub nom*. *Scott v. Metro. Health Corp.*, 234 F. App'x 341 (6th Cir. 2007) ("[C]onsistently, however, courts have held that costs may be assessed for corporate officers and directors not personally involved in the litigation who testify on behalf of the corporation" (citing *Green Const. Co. v. Kan. Power & Light Co.*, 153 F.R.D. 670, 679 (D. Kan. 1994))).  There is no reason to treat Mr. Lubin's costs any differently.  Like a witness whose testimony is necessary at a trial, Mr. Lubin, or someone from the company's corporate headquarters, had to be present to participate in conferences at the direction of Judge Gwin.

On a separate note, Plaintiff's challenge to Mr. Lubin's "limousine" expense is actually a bit laughable.  Mr. Lubin did not take a "limousine," as one might think of a stretch limousine stocked with consumables.  On the contrary, car and taxi services in the New York and New Jersey area routinely bill themselves as "limousine" companies.  If Plaintiff is criticizing Mr. Lubin for undue luxury in an ordinary but somewhat lengthy taxi ride to the airport, the accusation is misguided.

*(b) ESI Costs*

Plaintiff argues initially that none of Defendants' costs for electronic discovery (extensive e-mail and database searches) are recoverable. Plaintiff fails to address any of the cases cited by Defendants in their Application (*see* Dkt. No. 67-2 at 2 n.1), which hold that at least some ESI-related costs are taxable. *See, e.g.*, *Comprehensive Addiction Treatment Ctr., Inc. v. Leslea*, No. 11-3417, 2015 WL 638198, at *2 (D. Colo. Feb. 13, 2015) (noting that "courts have recognized that 28 U.S.C. § 1920(4) includes e-discovery related costs" and finding that defendant's incurred ESI costs of over $57,000 were taxable); *eBay Inc. v. Kelora Sys., LLC*, No. 10-4947, 2013 WL 1402736, at *7 (N.D. Cal. Apr. 5, 2013) (finding the following ESI costs taxable under § 1920(4): electronic scanning and conversion to PDF, TIFF conversion, OCR, image endorsement/Bates stamping, slip sheet preparation, blowback scanning paper documents, media hardware used for production, electronically stamping Bates numbers, slipsheet preparation, blowback preparation, OCR conversion, certain processing costs tied to specific productions as part of the copying process, productions in agreed-to native format, and load files); *Country Vintner of N.C., LLC v. E.J. Gallo Winery, Inc.*, 718 F.3d 249, 260 (4th Cir. 2013) (holding that § 1920(4) includes ESI-costs of "converting electronic files to non-editable formats and burning the files onto discs"); *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158, 171 (3d Cir. 2012) ("[T]he scanning of hard copy documents, the conversion of native files to TIFF, and the transfer of VHS tapes to DVD involved 'copying,' . . . the costs attributable to only those activities are recoverable under § 1920(4)'s allowance for the 'costs of making copies of any materials.'").

Ultimately, however, Plaintiff seems to concede that most of Defendants' ESI costs are taxable. On the final page of his opposition, he enumerates the specific requested costs which,

4

he says, should be denied. He objects to any award of the $3,225.12 sought by Defendants for "hosting" of electronic information (essentially, storage of data in a recoverable format), but he does not object to any of the remainder of the $28,239.30 in ESI costs that Defendants have sought to recover.[2]

Contrary to Plaintiff's assertions, the challenged hosting fees are recoverable. *See In re Aspartame Antitrust Litig.*, 817 F. Supp. 2d 608, 615 (E.D. Pa. 2011) (finding that hosting costs were taxable because electronic databases allow parties to "save costs associated with manually producing, handling, storing, and delivering thousands (and often millions) of pages of hard-copy documents"); *Chenault v. Dorel Indus., Inc.*, No. A-08-CA-354-SS, 2010 WL 3064007, at *4 (W.D. Tex. Aug. 2, 2010) (awarding costs of electronic database because defendants needed database to avoid "printing out thousands of pages of documents which would have otherwise been required in response to Plaintiffs' discovery request"). In fact, had Defendants not set up a database to host the data, they would have expended significant costs to print and copy the hundreds of thousands of pages of ESI-related documents requested by Plaintiff. Those costs would, indisputably, be taxable under 28 U.S.C. § 1920(3) or (4). Defendants used a format to host the data in order to reduce costs, and should not be denied recovery of the amount expended.

The only other challenge offered by Plaintiff with regard to ESI costs is a half-hearted suggestion that Defendants should have obtained quotes from other vendors. Not surprisingly, Plaintiff offers no evidence to suggest that Defendants' ESI vendor was unreasonably priced, or that Defendants had any interest in spending more than necessary to comply with Plaintiff's far reaching request for electronic discovery. On the contrary, Defendants had a strong interest in

---

[2] It should be noted that Defendants spent well in excess of $100,000 in actual ESI discovery costs and fees, but have limited their reimbursement request to those items which Courts have found to be taxable.

reducing their own ESI discovery costs, and therefore relied on a reasonably priced vendor that they use in virtually all of these matters.

One final point bears mention.  Plaintiff was well aware that ESI costs would be substantial.  In fact, the parties disputed the scope of electronic discovery, and Defendants protested the breadth of the requests posed by Plaintiffs.  Plaintiff persisted, and the Court was required to resolve the dispute over the scope of the discovery to be permitted.  Defendants complied with the Court's Order fully, resulting in costs that were predicted before the search was begun.  The taxation of ESI costs are certainly appropriate where the prevailing party made clear to the losing party the difficulties and expenses associated with ESI discovery, and the losing party insisted on proceeding.  *See Comprehensive Addiction Treatment Ctr., Inc.*, 2015 WL 638198, at *2 (noting that the taxation of defendants' ESI costs was especially appropriate where "Defendants wrote to Plaintiffs' counsel three times describing the difficulties and complexities encountered in retrieving and restoring the ESI" and plaintiffs refused to "limit[] the scope of their request or take other measures to limit the costs of the endeavor").

## **CONCLUSION**

In sum, to avoid prolonging this dispute and further burdening this Court, Defendants will agree to waive costs associated with:

- The video of Plaintiff's deposition **($600.00)**
- The rough ASCII of Plaintiff's deposition (**$432.00**)
- The rushed delivery of Plaintiff's deposition transcript (**$576.00**)
- The bates-stamping of Defendants' ESI production (**$499.06**)
- The postage for mailing Plaintiff's deposition videotape and transcript (**$105.00**)

Elimination of these amounts from the requested costs yields taxable costs of **$37,813.85**.  If the

Court agrees with Plaintiff that Mr. Lubin's travel expenses ($2,127.32) and ESI hosting charges ($3,225.12) are also not taxable, those amounts can be deducted from the revised total. Defendants submit, however, that the **$37,813.85** amount is properly taxed against Plaintiff.

Dated:  May 7, 2015

Respectfully submitted,

By:  s/ Michael L. Banks
Michael L. Banks (*admitted pro hac vice*)
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
Phone:  (215) 963-5000
Facsimile:  (215) 963-5001
mbanks@morganlewis.com

Jeffrey S. Dunlap (0067923)
Ulmer & Berne LLP
Skylight Office Tower
1660 West 2nd Street, Suite 1100
Cleveland, OH  44113-1448
Phone:  (216) 583-7026
Facsimile:  (216) 583-7027
jdunlap@ulmer.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 7, 2015, a copy of the foregoing Reply In Further Support Of Defendants' Application For Costs was filed electronically.  Notice of this filing will be sent to all parties who have registered with the Court's Electronic Filing System by operation of that System.  Parties may access this filing through the Court's system.

    CARYN M. GROEDEL
    LORI GRIFFIN
    Caryn Groedel & Associates Co., LPA
    31340 Solon Road, Suite 27
    Cleveland, Ohio 44139

    *Attorneys for Plaintiff John O'Donnell*

    s/ Michael L. Banks
    *Attorney for Defendants*