UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN O'DONNELL, | ) | CASE NO. **14-cv-1767** |
| | ) | |
| Plaintiff, | ) | JUDGE: **JAMES S. GWIN** |
| | ) | |
| -v- | ) | |
| | ) | |
| GENZYME CORPORATION | ) | **DEFENDANTS' REPLY IN FURTHER** |
| | ) | **SUPPORT OF THEIR SUPPLEMENTAL** |
| and | ) | **APPLICATION FOR TAXABLE COSTS** |
| | ) | **PURSUANT TO FEDERAL RULE OF** |
| SANOFI U.S. a/k/a SANOFI-ADVENTIS | ) | **CIVIL PROCEDURE 54(d)** |
| U.S. INC. and SANOFI BIOSURGERY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendants Genzyme Corporation and Sanofi US Services Inc. (collectively, "Defendants"), by and through their attorneys, respectfully submit this Reply in Further Support of Their Supplemental Application for Taxable Costs Pursuant to Federal Rule of Civil Procedure 54(d) (Doc. 73). For brevity, Defendants do not restate herein the arguments made in and evidence submitted with their initial Application (Doc. 67), Reply in Support Thereof (Doc. 69), and their Supplemental Application (Doc. 73). Rather, Defendants submit this short Reply to address the misplaced arguments and misstated facts in Plaintiff's Opposition to Defendants' Supplemental Application (Doc. 74). Defendants respectfully request that the Court issue an order taxing costs of **$41,011.55**[1] against Plaintiff.

*First*, Plaintiff contends that "the general rule is that the party responding to a discovery

---

[1] In submitting its Supplemental Application, Defendants' counsel overlooked that, in Defendants' Reply in Further Support of Their Bill of Costs, Defendants agreed to waive $2,212.06 worth of costs. See Doc. 69 at 6. Accordingly, the total costs requested ($43,223.61) in Defendants' Supplemental Application (Doc. 73) was $2,212.06 higher than it should have been. Defendants have accounted for those waived costs in this Reply, and apologize to the Court and Plaintiff for this oversight.

request should bear the cost thereof, unless it results in an undue burden or expense, or the discovery request was not likely to lead to relevant information." See Pl.'s Opp'n, Doc. 74 at 2. In support, Plaintiff cites cases involving disputes as to whether a requesting party would be required to bear the costs and *expenses* (e.g., legal fees for attorney review) of responding to a discovery request for electronically stored information ("ESI"). Defendants here are not seeking to recover the significant legal expenses incurred in complying with Plaintiff's overreaching ESI discovery requests. And, in each of those cases, the courts made clear that they *would* shift – and in the instance of Byers, *did* shift – the costs of ESI production to the requesting party where, as here, the burden or expense of satisfying the entire request was not proportional to the likely benefit. Hagemeyer N. Am., Inc. v. Gateway Data Scis. Corp., 222 F.R.D. 594, 603 (E.D. Wis. 2004); McPeek v. Ashcroft, 202 F.R.D. 31, 34 (D.D.C. 2001); Byers v. Illinois State Police, No. 99-8105, 2002 WL 1264004, at *12 (N.D. Ill. June 3, 2002).[2]

The costs of complying with Plaintiff's overreaching ESI demands – such as processing and hosting the data – were a direct consequence of the scope of discovery sought by Plaintiff. Defendants' counsel advised Plaintiff's counsel that the request was far reaching and would result in a considerable burden to search, examine and store a large volume of data, but Plaintiff's counsel insisted on proceeding in what turned out to be a fruitless exercise. See, e.g., Doc. 47-7 at 2-3. The simple fact is that the scope of the endeavor was dictated by Plaintiff, and the resulting costs were, therefore, "reasonably necessary for use in the case" and taxable under

---

[2] Plaintiff also cites Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 358 (1978), which involved an inapposite dispute over which party would bear the costs of sending out class notice under Federal Rule of Civil Procedure 23.

28 U.S.C § 1920(4). See, e.g., Comprehensive Addiction Treatment Ctr., Inc. v. Leslea, No. 11-3417, 2015 WL 638198, at *2 (D. Colo. Feb. 13, 2015) (citing courts from various jurisdictions holding that "28 U.S.C. §1920(d) includes e-discovery related costs" and noting that the taxation of ESI costs was especially appropriate where "Defendants wrote to Plaintiffs' counsel three times describing the difficulties and complexities encountered in retrieving and restoring the ESI" and plaintiffs refused to "limit[] the scope of their request or take other measures to limit the costs of the endeavor"); see also Defs.' Initial Application, Doc. 67-2 at 1 n.1.

*Second*, Plaintiff argues that the costs Defendants seek are not "factually supported" and that "none of Defendants' requested costs is factually supported with proof of payment, proof of billing, proof of necessity, itemization, vendor name, or otherwise, and should therefore be denied." See Pl.'s Opp.'n, Doc. 73 at 3-4. Plaintiff is incorrect. Defendants have submitted invoices (or, for their most recent costs, estimated voices) for each and every cost they seek to recover and those invoices provide the names of Defendants' vendors and detail the necessary costs. See Doc. 67, Exs. A-M and Doc. 73, Exs. B-J. Defendants have thus submitted the documentation required under 28 U.S.C § 1920(4). If, however, the Court determines that additional documentation should be submitted or that Plaintiff should be allowed to inspect additional records reflecting Defendants' costs (see Pl.'s Opp'n, Doc. 73 at 4), Defendants will certainly comply with any such order.

*Third*, Plaintiff argues that it would be inequitable to tax costs under the circumstances of this case and that "other courts have denied costs in similar cases." See Pl.'s Opp'n, Doc. 73 at 5-6. This is case is not similar to the ones Plaintiff cites in which an employee was subject to a real adverse employment action (i.e., termination) and had a genuine but perhaps mistaken belief that the action was taken for illegal reasons. See Rosser v. Pipefitters Union Local 392, 885 F.

3

Supp. 1068, 1069-1072 (S.D. Ohio 1995) (cited in Pl.'s Opp'n, Doc. 73 at 5-6) (plaintiffs sued only after EEOC had found probable cause for discrimination; district court denied defendants' summary judgment motion; case was close and difficult; and plaintiffs acted reasonably and in good faith throughout litigation).

    Here, Plaintiff was not subjected to an adverse employment action; to the contrary, he voluntarily quit. Both this Court and the Sixth Circuit Court of Appeals (unanimously) determined that no reasonable jury could find that Plaintiff was constructively discharged. See Doc. 60 at 18; Appellate Opinion, attached to Supplemental Application as Ex. A, Doc. 73-3 at 6. Furthermore, after voluntarily quitting, Plaintiff filed this lawsuit against his former company and proceeded to make unreasonable discovery demands, such as inexplicably sending a "vastly expand[ed]" demand for ESI discovery from his prior proposal just one month before the discovery deadline. See Doc. 73-3 at 9. Plaintiff also forced Defendants to incur the expense of briefing a host of discovery issues (see Docs. 41 and 43), on almost all of which Defendants prevailed in full (see Docs. 44 and 48). Finally, Plaintiff's counsel engaged in "troubling behavior" throughout the litigation, including amending the summary judgment opposition brief without leave of court or notifying Defendants (see Doc. 60 at 24), and repeatedly placing privileged material into the record (see Doc. 33 at 13-14; Doc. 60 at 23-24; and Doc. 71 at 1-2), all of which placed additional and unwarranted burdens on Defendants. This was far from a "close" case that was litigated in good faith.

    *Fourth*, Plaintiff claims that "many of Defendants' costs were unnecessary or unreasonable," that "Defendants are grossly overreaching" in the amount of taxable costs sought, and that "Defendants have had exponentially more resources than Plaintiff," such that it would be inequitable to tax Plaintiff with Defendants' costs. See Plaintiff's Opp'n, Doc. 73 at 6-8.

Plaintiff cites a case from 1988 in which a federal court in Pennsylvania declined to award defendants the $15,484.52 that they sought.  Trohoske v. McDonough Power Equip. Co., 118 F.R.D. 425, 426 (W.D. Pa. 1988).  That court, however, took issue with the defendants' attempt to seek "reimbursement for airfare meals and lodging" of outside counsel and was so offended by that request that it denied the remainder of defendants' costs (which it otherwise would have awarded).  Id.  Here, Defendants have not sought *any* costs for meals or lodging, and submitted only two travel receipts:  the costs for its corporate representative to attend two court conferences at which Defendants were *required* to have a representative with settlement authority appear.  See Doc. 67 n.3.  Unlike the defendants in Trohoske, Defendants here did not request any costs for Mr. Lubin's lodging (he traveled to and from the conferences on the same day to limit costs) or meals.  Finally, while Plaintiff makes much of the fact that the defendants in Trohoske sought $15,484.52 (i.e., less than Defendants seek here), Plaintiff ignores that that number would be much higher in today's dollars and, importantly, there was no ESI discovery in that 27 year old case.

## **CONCLUSION**

For the reasons set forth above and Defendants' other briefing on this matter (Docs. 67, 69, 73), Defendants respectfully request that the Court issue an order taxing costs of **$41,011.55** against Plaintiff.

5

Dated:  February 23, 2016                    Respectfully submitted,

                                                      By:  s/ Michael L. Banks
                                                     Michael L. Banks (*admitted pro hac vice*)
                                                     Morgan, Lewis & Bockius LLP
                                                     1701 Market Street
                                                     Philadelphia, PA 19103-2921
                                                     Phone:  (215) 963-5000
                                                     Facsimile:  (215) 963-5001
                                                     mbanks@morganlewis.com

                                                     Jeffrey S. Dunlap (0067923)
                                                     Ulmer & Berne LLP
                                                   Skylight Office Tower
                                                   1660 West 2nd Street, Suite 1100
                                                   Cleveland, OH  44113-1448
                                                   Phone:  (216) 583-7026
                                                   Facsimile:  (216) 583-7027
                                                   jdunlap@ulmer.com

                                                   *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2016, a copy of the foregoing Reply In Further Support Of Defendants' Supplemental Application For Costs was filed electronically. Notice of this filing will be sent to all parties who have registered with the Court's Electronic Filing System by operation of that System. Parties may access this filing through the Court's system.

    CARYN M. GROEDEL
    LORI GRIFFIN
    Caryn Groedel & Associates Co., LPA
    31340 Solon Road, Suite 27
    Cleveland, Ohio 44139

    *Attorneys for Plaintiff John O'Donnell*


    s/ Michael L. Banks
    *Attorney for Defendants*