UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

|  |  |  |
|---|---|---|
| JOHN O'DONNELL, | : | |
| | : | |
| Plaintiff, | : | CASE NO. 14-CV-1767 |
| | : | |
| vs. | : | |
| | : | OPINION AND ORDER |
| GENZYME CORP., et al., | : | [Resolving Docs. 67, 73] |
| | : | |
| Defendants. | : | |
| | : | |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On March 11, 2015 Defendants Genzyme Corp. and Sanofi U.S. prevailed on summary judgment in the underlying litigation.[1] On February 3, 2016, Defendants also prevailed on appeal.[2] Defendants submit a bill of costs and supplemental bill of costs and ask that these costs be taxed against Plaintiff.[3] Plaintiff opposes.[4] For the following reasons, this Court **GRANTS** in part and **DENIES** in part Defendants' bills of costs.

## I. Legal Standard

Federal Rules of Civil Procedure 54(d) provides for the assessment of costs as follows: "Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs."[5]

"Federal Rule of Civil Procedure 54(d) creates a general presumption allowing the taxation of costs to a prevailing party. Therefore, '[i]t is incumbent upon the unsuccessful party

---

[1] Doc. 60.
[2] Doc. 72.
[3] Doc. 67; Doc. 73. This Court stayed consideration of the original bill of costs pending the outcome of the appeal. This Court now considers both bills of costs together.
[4] Doc. 68, Doc. 74.
[5] Fed. R. Civ. P. 54(d).

Case No. 14-cv-1767
Gwin, J.

to show circumstances sufficient to overcome the presumption' favoring an award of costs to the prevailing party."[6]

"In reviewing a request for taxation of costs, the court must determine 'first . . . whether the expenses are allowable cost items and then . . . whether the amounts are reasonable and necessary.'"[7]

28 U.S.C. "Section 1920 circumscribes the types of costs district courts may tax against the losing party."[8] Taxable costs are:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.[9]

"The court has broad discretion in allowing or disallowing the particular items listed in § 1920 as costs."[10]

## II. Discussion

Defendants seeks costs for:

(1) three deposition transcripts, for $3,624.92;[11]

---

[6] *IMRA Am., Inc. v. IPG Photonics Corp.*, No. 06-15139, 2012 WL 6553523, at *1 (E.D. Mich. Dec. 14, 2012) (quoting *White & White, Inc. v. American Hosp. Supply Corp.,* 786 F.2d 728, 730, 732 (6th Cir. 1986)).
[7] *Id.* (quoting *Jefferson v. Jefferson County Pub. Sch. Sys.,* 360 F.3d 583, 591 (6th Cir. 2004)).
[8] *Colosi v. Jones Lang LaSalle Americas, Inc.*, 781 F.3d 293, 295 (6th Cir. 2015) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)).
[9] 28 U.S.C. § 1920.
[10] *IMRA Am., Inc.*, 2012 WL 6553523, at *1 (citing *BDT Products, Inc. v. Lexmark Intern., Inc.,* 405 F.3d 415, 419 (6th Cir. 2005) (overruled on other grounds by *Taniguchi v. Kan Pacific Saipan, Ltd.,* ––– U.S. ––––, ––––, 132 S.Ct. 1997, 2007 (2012))).
[11] The original invoice for Plaintiff's deposition was $2,992.25. However, in Defendants' reply in support of their original bill of costs, Defendants agreed to waive $1,113 of that cost. Doc. 69 at 6. This brings the total non-video deposition cost down from $4,737.92 to $3,624.92.

Case No. 14-cv-1767
Gwin, J.

> (2) one deposition videotape, for $1,096.25;[12]
> (3) electronically stored information for the District Court litigation, January 2015 through April 2015, for $29,556.68;[13]
> (4) electronically stored information for the appeal, May 2015 through February 2016, for $4,606.38; and
> (5) two roundtrip flights to attend this Court's status conferences, for $2,127.32.

These bills of costs total $41,011.55. This Court **GRANTS** Defendants' bills of costs as to items (1), (3), and (4). This Court **DENIES** Defendants' bills of costs as to items (2) and (5). This Court finds that Defendants are entitled to $37,787.98 in costs.

This Court finds the deposition costs and electronically stored information costs to be taxable under § 1920. This Court finds these costs to be reasonable and necessary to the underlying litigation.[14]

However, this Court finds the videotape expenses associated with the deposition of John O'Donnell to be unnecessary to the litigation, since Defendants had a transcript of the same deposition available.

This Court also finds that defense counsel's airfare to attend the case management conference and status conference, even if taxable under § 1920, is not necessary to the underlying litigation. This Court required counsel to be present at the case management conference and status conference. However, Defense counsel could have moved to attend the case management conference remotely or made other arrangements to reduce the cost of travel. This Court will not impose these airfare costs on Plaintiff.

---

[12] The original invoice for the video was $1,696.25. However, in Defendants' reply in support of their original bill of costs, Defendants agreed to waive $600 of that cost. *Id.* This brings the total video cost down to $1,096.25.

[13] The revised invoice for the electronically stored information was $30,055.74. However, in Defendants' reply in support of their original and revised bill of costs, Defendants agreed to waive $499.06 of that cost. *Id.*; Doc. 75 n.1. This brings the total electronically stored information cost for the underlying litigation down to $29,556.68.

[14] Plaintiff's lose the arguments that the electronically stored information costs are not necessary. Plaintiff made the discovery requests that caused Defendants to create and keep electronically stored information at Defendants' expense. Plaintiff argued against Defendants efforts to reduce the ESI costs. Plaintiff then lost on summary judgment and on appeal. Plaintiff appropriately bears these costs.

Case No. 14-cv-1767
Gwin, J.

### III. Conclusion

For the reasons above, this Court **GRANTS** in part and **DENIES** in part Defendants' bills of costs and finds that Defendants are entitled to $37,787.98 in costs.

IT IS SO ORDERED.

Dated: March 25, 2016          *s/ James S. Gwin*
                                                 JAMES S. GWIN
                                                 UNITED STATES DISTRICT JUDGE